IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY DALE BARGER, | No. 2:15-CV-0223-CMK-P |
| Petitioner, | |
| vs. | ORDER |
| DAVID HURSCH, et al., | |
| Respondents. | |
| _____/ | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action.

On February 6, 2015, and again on May 21, 2015, the court directed petitioner to submit either a completed application for leave to proceed in forma pauperis or the full filing fee for this action within 30 days. Petitioner was warned that failure to comply may result in dismissal of this action for lack of prosecution and failure to comply with court rules and orders. See Local Rule 110. As of July 17, 2015, petitioner had not complied and the court directed petitioner to show cause in writing within 30 days why this action should not be dismissed for

failure to prosecute and comply with court orders.  To date, petitioner has failed to comply with the February 6, 2015, or May 21, 2015, orders, and petitioner has failed to respond to the July 17, 2015, order to show cause.

The court must weigh five factors before imposing the harsh sanction of dismissal.  See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.  See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).

In this case, the court finds that these factors weight in favor of dismissal as an appropriate sanction.  Specifically, given petitioner's failure to resolve fees, he has failed to prosecute this action to a point where it can proceed, thus defeating the public's interest in expeditious resolution of the action, the public's interest in a resolution on the merits, as well as the court's need to manage its docket.  A less drastic sanction does not appear to be a viable alternative given petitioner's complete failure to resolve the fees status for this case or respond to the court's prior orders.

/ / /

/ / /

/ / /

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED that:

1. This action is dismissed, without prejudice, for lack of prosecution and failure to comply with court rules and orders;

2. All pending motions (Docs. 7, 8, and 11) are denied as moot; and

3. The Clerk of the Court is directed to enter judgment and close this file.

DATED: September 2, 2015

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE